[No. 2006.  Decided January 22, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. SAM NEL-
SON, *Appellant*.

CRIMINAL LAW — PROSECUTION BY INFORMATION — RECEPTION OF EVI-
DENCE IN REBUTTAL — CORROBORATION.

Prosecution by information is authorized when it appears that
the defendant is in custody on a charge of felony and that the court
is in session and the grand jury is not in session.

Evidence tending to establish a different state of facts from that
testified to by a witness is not such impeaching testimony as will
permit the introduction of testimony in rebuttal to sustain the wit-
ness who has been contradicted.

Appeal from Superior Court, Columbia County.—
Hon. R. F. STURDEVANT, Judge.  Affirmed.

*Griffitts & Nuzum*, for appellant.

*Will H. Fouts*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

·HOYT, C. J.—Defendant was convicted of the crime
of burglary, and from the judgment and sentence im-
posed has prosecuted this appeal.   The first reason as-
signed for reversal is that the superior court had no
jurisdiction because the necessary facts which would
entitle the prosecuting attorney to file an information
did not exist.   The argument upon this question pro-
ceeded upon the theory that the record of the court
below did not show that any of the conditions re-
quired by the statute, upon which the prosecuting
attorney was authorized to file an information, existed.
From the original transcript nothing was made to ap-
pear in relation to this question, but by a supplement
thereto sent up by the respondent it appears that the
defendant was in custody on a charge of felony and
that the court was in session and the grand jury not

in session. Hence, the conditions required by the statute were shown to exist and were sufficient to authorize the filing of the information.

The only other errors assigned are founded upon rulings of the court in the admission and rejection of testimony. As to the admission of testimony, the only complaint is that the court allowed certain testimony to be put in by way of rebuttal that should have been introduced as a part of the plaintiff's principal case. But the statement of facts fails to disclose any such cicrumstances as would authorize us to reverse the judgment for the reason that the court abused its discretion even if we should come to the conclusion that the contention of the appellant, that the testimony should have been introduced as a part of the principal case, was correct. The appellant had introduced one Hayden as a witness who testified to certain facts. Afterwards the respondent introduced testimony tending to show a different state of facts. Then appellant sought to put in additional testimony in support of the statements of Hayden. The ground upon which he sought this was that the respondent by its testimony had impeached the witness Hayden, and that on that account he was entitled to sustain him. If testimony had been introduced which was strictly in impeachment of the witness Hayden, there would be force in the contention of appellant that he should have been allowed to put in testimony to sustain him. But evidence tending to establish a different state of facts from that testified to by Hayden was nőt impeaching testimony within the meaning of the rule which allows a party to sustain a witness who has been impeached by testimony offered on the part of the other party.

The judgment and sentence must be affirmed.

Dunbar, Scott, Anders and Gordon, JJ., concur.